1

2

3

4

5

6

7          UNITED STATES DISTRICT COURT

8              EASTERN DISTRICT OF CALIFORNIA

9

10   ANTONIO CANDELARIO,                    CASE NO.      1:10-cv-407-AWI-MJS (PC)

                    Plaintiff,

11                                          DISMISSING CASE WITHOUT PREJUDICE
         v.                                 FOR FAILURE TO PROSECUTE

12

     L. GUIANI,

13

                    Defendant.

14

                                        /

15

16          Plaintiff is a former state prisoner proceeding pro se in this civil rights action pursuant to 42

17   U.S.C. § 1983.  On March 12, 2010, the Court sent Plaintiff an Order directing him to submit an

18   application to proceed in forma pauperis or to pay the filing fee.  (Doc. 4.)  On April 1, 2010,  the

19   Order served on Plaintiff was returned by the U.S. Postal Service as undeliverable.

20          Pursuant to Local Rule 83-183(b), a party appearing in propria persona is required to keep

21   the court apprised of his or her current address at all times.  Local Rule 83-183(b) provides, in

22   pertinent part:

23                 If mail directed to a plaintiff in propria persona by the Clerk is
                   returned by the U.S. Postal Service, and if such plaintiff fails to notify
24                 the Court and opposing parties within sixty (60) days thereafter of a
                   current address, the Court may dismiss the action without prejudice
25                 for failure to prosecute.

26   In the instant case, more than sixty days have passed since Plaintiff's mail was returned and he has

27   not notified the court of a current address.

28          In determining whether to dismiss an action for lack of prosecution, the court must consider

                                            1

1  several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need

2  to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring

3  disposition of cases on their merits; and (5) the availability of less drastic sanctions. Henderson v.

4  Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439 (9th Cir. 1988). The

5  court finds that the public's interest in expeditiously resolving this litigation and the court's interest

6  in managing the docket weigh in favor of dismissal. The court cannot hold this case in abeyance

7  indefinitely based on plaintiff's failure to notify the court of his address. The third factor, risk of

8  prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from

9  the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522,

10  524 (9th Cir. 1976). The fourth factor—public policy favoring disposition of cases on their merits—

11  is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, given the court's

12  inability to communicate with plaintiff based on plaintiff's failure to keep the court apprised of his

13  current address, no lesser sanction is feasible.

14       Accordingly, the court HEREBY ORDERS that this action be dismissed without prejudice

15  for plaintiff's failure to prosecute.

16

17  IT IS SO ORDERED.

18  **Dated:    June 16, 2010**                         **/s/ Anthony W. Ishii**
                                                      CHIEF UNITED STATES DISTRICT JUDGE

19

20

21

22

23

24

25

26

27

28